ISABELLE HARDING and Another, Appellants, *v.* WALTER A. BURKE, Defendant, Impleaded with GALWAY REALTY CORPORATION, Respondent.

First Department, June 1, 1923.

Vendor and purchaser — action by vendee to impress lien on real property for money paid down and expenses, and for personal judgment — vendor did not have legal title — corporation owned by vendor subsequently acquired legal title — plaintiff entitled to have lien impressed and to personal judgment against vendor and corporation.

In an action by a vendee to impress a lien on the premises for the amount paid down and the expenses incurred in examination of title and for personal judgment against the vendor and a corporation owned by the vendor, it appeared

that the vendor was not able to convey a marketable title; that the person who held the legal title had contracted to sell the property to another corporation; that said corporation had contracted to sell the property to a man acting as dummy for the vendor; and that the property was actually purchased thereafter by the defendant corporation.

*Held*, that while there is no proof as to what moneys had been paid to the person holding the legal title, still, since the vendor offered the deed of the defendant corporation on the closing day, it may be inferred that the moneys were fully paid to the holder of the legal title at the time that the contract was made. Therefore, whatever moneys were paid upon the contract to the holder of the legal title at the time the money was advanced, it is clear that at the time the action was commenced the plaintiffs had the right to have their lien established for the repayment of moneys advanced for whatever equity or legal right the vendor may have had in that property at that time or at the time of the trial.

If the defendant corporation is in fact owned by the vendor, the two defendants are practically the same and the plaintiffs would seem to have the same equity for reimbursement of the sums advanced whether the title was afterwards taken by the defendant corporation or by the vendor himself.

The plaintiffs are entitled to a lien upon the property for the sum found due and to personal judgment against the defendants for any deficiency upon a sale thereof.

APPEAL by the plaintiffs, Isabelle Harding and another, from so much of a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 6th day of June, 1922, upon the decision of the court, rendered after a trial at the New York Special Term, as dismisses the complaint as to the defendant Galway Realty Corporation, and omits to impress a lien in favor of the plaintiffs upon the real property described in the complaint.

*Samuel J. Siegel* [*Harold M. Goldblatt* of counsel], for the appellants.

*Beamish & Steinbugler* [*Frank S. Gannon, Jr.,* of counsel], for the respondent.

SMITH, J.:

The plaintiffs had a contract to purchase of the defendant Burke certain real estate in the borough of Manhattan. The plaintiffs made a down payment upon the contract of $2,500, and incurred expenses as attorney's fees for the examination of title to said premises in what has been found to be a reasonable amount, to wit, the sum of $452.63, which sums, with interest at the time of the decision, amounted to $3,218.37. Burke was found not to be able to convey a marketable title, and the trial court found that the plaintiffs were at all times ready, able and willing to complete their purchase. It seems that Burke at the time of the contract of sale did not have the legal title to the premises, but that such legal title was in the name of one McCroden. McCroden, however,

had contracted to sell the property to the Seitz Corporation, and the Seitz Corporation had contracted to sell the property to one Fallon, who was in fact the dummy of Burke. The property was actually purchased thereafter by the Galway Corporation, a corporation whose stock was almost entirely owned by Burke, and the defendant's counsel admitted upon the trial that Burke and the Galway Corporation were the same. The trial judge, however, while allowing a personal judgment in favor of the plaintiff and against the defendant Burke for the amount of the advances and expenses, refused the plaintiffs' claim that a lien be given upon the said premises to secure such amounts advanced.

In *Elterman* v. *Hyman* (192 N. Y. 113) the rule was held that a vendee of land, under an executory contract for the purchase thereof, has a lien on the land for the amount paid pursuant to the contract, although not in possession and with no special equity; and also that when the vendee is without fault and the vendor cannot give good title, the former may sue in equity for a foreclosure of his lien, and the commencement of such an action is not a rescission of the contract but an affirmance thereof to secure a right given thereby and by payment pursuant to its terms. At page 125 the rule is stated: " If the vendor is not the absolute owner, the lien of the vendee ' exists only to the extent of the vendor's interest,' which in this case is only that of sub-purchaser. (*Aberaman Iron Works* v. *Wickens*, L. R. 4 Ch. App. 101; Fry on Specific Performance [3d Am. ed.], 660.) " The opinion states further: " The right is correlative to that of the vendor conveying without payment. In either case the *res*, or the subject of the contract, is the land, and whatever is paid on the land without corresponding conveyance, or conveyed without corresponding payment, is a lien on the land by virtue of parting with money on the faith of the land, or with land on the faith of the promise to pay for it. Payment is not made on the credit of the vendor, but on the credit of the land, and the purchaser's money, in equity, is converted into land, or attached to it as a lien."

That case came back for a retrial, and upon a subsequent appeal Mr. Justice LAUGHLIN said (141 App. Div. 215): " The material facts as to whether this action could be maintained in equity were the same in the record of the former appeal as in the record now before the court, and it must, therefore, be assumed that notwithstanding the fact that the defendant did not have title at the time the contract was made and at the time the action was commenced, the plaintiff had a lien upon the interest of the defendant in the premises under his contract which was enforcible in equity."

There is no proof as to what moneys had been paid to McCroden

upon that contract. But on the closing day, under the plaintiff's contract, Burke offered the deed of the Galway Corporation, from which it may be inferred that the moneys were fully paid to McCroden, so that the Galway Corporation had full title to the premises. Whatever moneys, therefore, were paid upon the contract to the Seitz Corporation or McCroden, at the time that these moneys were advanced, it would seem clear that, at least at the time the action was commenced, plaintiffs had the right to have their lien established for repayment of moneys advanced for whatever equity or legal right the defendant Burke may have had in that property at that time or at the time of trial.

If the Galway Corporation was in fact owned by Burke, so that, as conceded by counsel, they were practically the same. the plaintiffs would seem to have the same equity for reimbursement of the sums advanced, whether the title was afterwards taken under the contract by the Galway Corporation or by Burke himself.

The plaintiffs' appeal, therefore, should be sustained and the judgment modified so as to give the plaintiffs a lien upon the property for the sums found due and personal judgment against defendants for any deficiency upon a sale thereof, with costs to plaintiffs at Special Term and in this court.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, concur.

Judgment reversed, with costs to appellants, and judgment directed in accordance with opinion, with costs to plaintiffs. Settle order on notice.